HOSEA B. PHILLIPS *vs.* NANCY EMERY.

Hancock.    Opinion December 29, 1892.

*Chattel Mortgage.    Foreclosure.    Second Mortgage.    Waiver.*

The owner of a building gave a personal property mortgage to the plaintiff, and afterwards a second mortgage to another party.    Thereafter a creditor of the owner attached the building.    The officer gave notice to the plaintiff and requested the amount due under the first mortgage.    This was not complied with, and the plaintiff while the attachment was pending foreclosed his mortgage by publication.    At the sheriff's sale the defendant became the purchaser.    Afterwards the plaintiff purchased and procured an assignment of the second mortgage, and proceeded to foreclose that, which foreclosure became complete before the commencement of this action.

*Held*, That the waiver of the plaintiff to comply with the statute in giving the officer the amount due under the first mortgage postponed that mortgage, so far as the rights of attaching creditors were concerned, to the second, and the second mortgage became the first on the property:

That the second mortgage still subsisted and was not extinguished by the prior foreclosure; and

All rights the attaching creditor acquired in the property were subject to both mortgages.

See *Phillips* v. *Fields*, 83 Maine, 348.

ON EXCEPTIONS.

This was an action of trover for a building.    The court gave judgment for the plaintiff and the defendant excepted.

The case is stated in the opinion.

*Wiswell and King*, for plaintiff.
*Deasy and Higgins*, for defendant.

FOSTER, J.    Trover for a building situated at Bar Harbor. The real question involved is which party has title — the plaintiff or defendant.

Eliminating dates and figures, the case may be understood from the following statement.

The owner gave a mortgage to the plaintiff, and subsequently a second mortgage to Bragg, Cummings & Co. of Bangor.

Thereafter, a creditor of the owner attached the building — notice being given by the officer to the plaintiff requesting the amount due under his mortgage.    The reply was not sufficiently

definite to comply with the terms of the statute (*Phillips* v. *Fields*, 83 Maine, 348). While the attachment was pending, the plaintiff commenced foreclosure proceedings upon his mortgage by publication. The building was sold by the officer under the attachment, and purchased by this defendant. Afterwards, the plaintiff procured an assignment of the second mortgage, and foreclosed the same, which foreclosure became complete before the commencement of this action.

The position of the defendant is, that the foreclosure of the first mortgage by the plaintiff, notwithstanding his waiver to hold the property as security for that first mortgage in consequence of not complying with the statute in furnishing the amount due to the officer, completely divested Bragg, Cummings & Co. of all right and title to the property under their mortgage, and consequently the assignment of the same afterwards to the plaintiff gave him no right or title through that mortgage. Or, briefly put, that the second mortgage "became extinct" by reason of the prior foreclosure.

This principle would undoubtedly be correct, provided the first mortgagee had done nothing to the prejudice of the second mortgagee.

But when the right to hold the property under the first mortgage was waived by the plaintiff's failure to comply with the statute, then, as to the attaching creditor, and those deriving title under him, the first mortgage became postponed to the second — stepped in behind it — and the second mortgage became the first on the property, and no longer rested so far as the attaching creditor is concerned, on any right of foreclosure of the original mortgage. Or, to state it thus : when the plaintiff by his own wrong allowed a subsequent attaching creditor to get a claim superior to his on the property, then, in consequence of that wrong, he lost the power to foreclose that mortgage and thereby abridge the right which the second mortgagees otherwise had.

The defendant has no greater right than that of the attaching creditor, for she claims through him. All the rights such cred-

itor acquired in the property were subject to both mortgages. The creditor would have to redeem these mortgages unless by some default of the mortgagees he was let in before the mortgages. No attempt has ever been made to redeem the second mortgage, and no demand was ever made by the officer making the attachment for the amount due upon that mortgage. The attaching creditor knew of its existence because it was a matter of record long prior to the attachment. When this second mortgage was foreclosed, notice was served upon the defendant as the case shows, and she then had an opportunity to redeem it if she had seen fit.

This mortgage having been properly foreclosed, the title to the property became vested in the assignee of the mortgage — this plaintiff.

*Exceptions overruled.*

PETERS, C. J., VIRGIN, LIBBEY, HASKELL and WHITEHOUSE, JJ., concurred.